THE STATE v. STARK, *Appellant.*

1. **Practice, Criminal**: ASSISTANT TO PROSECUTING ATTORNEY. It is not error to permit an attorney assisting the State's attorney in the prosecution of a criminal case to make the opening statement to the jury. R. S., § 1908.

2. ——— : ———. Certain remarks made by the prosecuting attorney in his closing address to the jury. *Held,* not to have been of such a character as to prejudice the defendant, or call for a reversal of the judgment.

3. ——— : CONDUCT OF JURORS AND BAILIFF IN CHARGE OF JURY. While it is improper for a juror in a criminal case to ask advice of the officer in charge of the jury in relation to the case, and equally improper for the officer to communicate such inquiry to the prosecuting attorney, yet if the officer made no response to the juror, and it is shown that the defendant was not in any way prejudiced, such inquiry of the officer and communication by him to the prosecuting attorney will furnish no ground for setting aside a conviction.

4. ——— : EVIDENCE ON THREATS. In the absence of evidence of conspiracy between father and son, antecedent threats made by the son against the life of the defendant are not admissible in evidence on behalf of the defendant upon the trial of an indictment for an assault upon the father.

5. ALLOCUTION OF THE JUDGE IN CASES NOT CAPITAL. On a conviction of an offense not capital, the omission to enter of record the allocution, or formal address of the judge to the prisoner asking him if he has anything to say why sentence should not be pronounced

against him, is not an error for which the judgment should be reversed.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*Smith & Abernathy* for appellant.

*J. L. Smith*, Attorney-General, and *Chas. Forbes*, Prosecuting Attorney, for the State.

HENRY, J.—The defendant was indicted for an assault upon William Webb with intent to kill. At the March term, 1880, of the Bates circuit court, he was tried, found guilty and sentenced to two years imprisonment in the penitentiary. He appealed from the judgment, and the points relied upon for a reversal will be noticed in the order in which they are made in the brief of his counsel.

Mr. C. C. Bassett, an attorney at law, was employed to assist the prosecuting attorney, and made the statement of the case to the jury. Because section 1908, Revised Statutes, prescribing the order of trial, provides that "the jury being empaneled and sworn, the trial may proceed in the following order: First, the prosecuting attorney must state the case," etc., it is contended that it was error to permit that statement to be made by the attorney employed to assist the prosecuting attorney. In the *State v. Hays*, 23 Mo. 287, it was decided that an attorney might be employed to assist the State's attorney in the prosecution. If an assistant may be employed, it follows that he may occupy any position in the trial of the cause assigned him by the prosecuting attorney. He is, as to the trial of the cause in which he is so employed, a prosecuting attorney.

*1. PRACTICE, CRIMINAL: assistant to prosecuting attorney.*

Appellant also complains that the court erred in permitting the prosecuting attorney to make statement of facts to the jury which were not proved.

*2. ——: ——.*

The State v. Stark.

Mr. Bassett, in his closing address to the jury, stated that "defendant had gone to the Indian Territory, where all rascals go." The evidence showed that after the assault upon Wm. Webb the defendant went, fled, to the Indian Territory. Defendant, in his own testimony, states that he went there. The additional words, " where all rascals go," whether true or false, could certainly have had no effect upon the jury.

He also referred to defendant's physical strength, stating that he was a strong, robust man, and one whom very few men would like to come in contact with in a personal encounter. It was wholly immaterial whether he was a strong, robust man, whom few would like to encounter or not. He was charged with shooting at Wm. Webb, and whether a weak or a strong man, was a matter of no consequence.

Mr. Bassett also said he " believed defendant guilty." I suppose no attorney ever made an argument to a jury, in such a case, without expressing his belief of the guilt or innocence of the accused on the facts. Other equally trivial statements made by the attorney in his closing address to the jury are complained of, but they are of the same character as the above.

The only additional remarks made by the attorney, which we shall particularly notice, was the following: " Judge Boxley has said that defendant is a good man, and why did'nt they (the prosecution) show he was a bad man? Now, gentlemen, why did'nt they prove his good character? When I defend a criminal, if he can prove a good character, the jury always gets the benefit of it. The State could not prove his bad character until defendant attempted to prove his good character. Mr. Boxley ought to have been lawyer enough to know this. We were ready to go into this matter, and the very fact that they did not attempt to prove him to be a man of good character, is a significant fact. Gentlemen, criminal lawyers always do this; they all understand it." Mr. Boxley, by his remarks, opened

the door for these observations by the attorney prosecuting for the State, and they were a legitimate answer to his ill-timed and unwarranted statement.

After the case was given to the jury, one of them asked the deputy sheriff, who had charge of them, if they could find a verdict and the court fix the punishment. The deputy sheriff made no reply. The juror asked him to see the judge and ascertain, but he did not see the judge, and nothing further on the subject passed between him and that or any other juror. It further appears, by affidavit filed on motion for a new trial, that the prosecuting attorney was examining and inquiring as to the law on that point. He had learned from the deputy sheriff that the jury desired information on the subject, but told no one else, and it seems that this is all that occurred. While it is improper for jurors to hold conversations with any one except the court, in open court, in regard to a cause submitted to them, this court will not reverse a judgment when all the facts with respect to the alleged impropriety are before the court and it is manifest that it could not possibly have prejudiced the defendant. It was improper for the juror to ask the bailiff any questions as to the law of the case, and while he acted within the line of his duty in refusing to answer the question, he should have been equally careful not to communicate what passed between him and the juror to the prosecuting attorney or any one else. If the jury had any doubt about the law of the case, if they desired additional instructions, they should have repaired in a body to the court room, and while court was in session, and made it known to the court. The alleged misconduct of the juror and the bailiff could not possibly have prejudiced the accused, and is no ground for reversing the judgment.

Another ruling of the court which is complained of was the exclusion of the deposition of George Ireland. His testimony was in relation to a threat made by Hiram Webb, against the life of the

*Marginal notes:*
3. ——: conduct of jurors and bailiff in charge of jury.

4. ——: evidence of threats.

defendant. The assault for which the defendant was indicted was made upon "Wm. Webb, the father of Hiram. Hiram was not present at that difficulty, and no threats made by him could possibly throw any light upon the assault made by defendant upon Wm. Webb. But it is contended that a conspiracy was proved between old man Webb and his sons against defendant. No such evidence is to be found in the record. Stark had beaten Wm. Webb, and he and his sons naturally felt indignant toward Stark, and each of them, at different times, may have threatened him, but no evidence of any concert or conspiracy between them to do him harm was shown. Any threats made by Wm. Webb may have been admissible, as tending to show who was probably the aggressor, he or Stark, but threats made by Hiram Webb stand upon the same ground as if made by a stranger.

In the *State v. Ball*, 27 Mo. 324, it was held that on a conviction for an offense not capital, omission to enter of record the allocution or formal address of the judge to the prisoner, asking him if he has any thing to say why sentence should not be pronounced against him, is not an error for which the judgment should be reversed.

5.———: allocution of the judge in cases not capital.

The judgment is affirmed. All concur.