STATE of Missouri, Respondent,

v.

Robert Lee BABB, Appellant.

No. 65812.

Supreme Court of Missouri,
En Banc.

Nov. 20, 1984.

Rehearing Denied Dec. 18, 1984.

Gregory P. Robinson, Fayette, Mark T. Kempton, Sedalia, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant was convicted of robbery, kidnapping and rape under §§ 569.020, 565.110 and 566.030, RSMo 1978, in the Circuit Court of Pettis County, and concurrent sentences of fifteen years, twenty years and twenty years were imposed. On appeal the Missouri Court of Appeals, Western District, reversed and remanded for new trial. The case was then transferred to this Court, by order of this Court, and will be decided here "the same as on original appeal." Mo. Const. art. V, § 10.

At 2:38 p.m. on April 16, 1982, the case was submitted to the jury. At 3:50 p.m. a tornado warning was sounded and the jurors were taken to the basement of the courthouse which was a civil defense safe designated area. It is undisputed that "the jury was taken to the shelter, kept in a separate room although said room did not have a door separating that room from sight and sound, and were accompanied therein only by the sworn deputy sheriff in charge of the jury. Another larger adjoining room and a smaller room adjoining the larger room were occupied by numerous other persons, largely courthouse personnel and perhaps some members of the general public possibly including spectators of the trial or witnesses at the trial which by then, of course, had been concluded for more than an hour and who were also seeking shelter."

Section 546.240, RSMo 1978, reads, in part, as follows:

When the argument is concluded, the jury may either decide in court or retire for deliberation. They may retire under the charge of an officer who, in case of a felony, shall be sworn to keep them together in some private or convenient room or place and not permit any person to speak or communicate with them, nor do so himself, unless by order of the court, or to ask them whether they have agreed upon their verdict; and when they have agreed, he shall return them into court, or when ordered by the court.

Section 547.020, RSMo 1978, reads, in part, as follows:

The court may grant a new trial for the following causes, or any of them:

\* \* \* \* \* \*

(2) When the jury has been separated without leave of the court, after retiring to deliberate upon their verdict, or has been guilty of any misconduct tending to prevent a fair and due consideration of the case;

\* \* \* \* \* \*

In *State v. Dodson*, 338 Mo. 846, 92 S.W.2d 614, 615 (1936) this Court spoke of §§ 546.240 and 547.020, *supra*, as follows:

[We] have consistently ruled, in felony cases, that if the separation or misconduct of the jury took place during the progress of the trial, the verdict will be set aside, unless the state affirmatively shows that the jurors were not subject to improper influences. But if after the case has been submitted to the jury for its determination, and before a verdict

has been reached, there is an opportunity that improper influence could be used on any juror, that alone will require a new trial, even though it may be shown that improper influence was not exercised. . . .

■ In our view, the *Dodson* holding, insofar as it pertains to after-submission situations, should no longer be followed. We are persuaded "that the stronger reasons and the weight of authority sustain the rule that, where a motion for a new trial is made on account of communications to the jury during their deliberations, there is a rebuttable legal presumption that they were prejudicial to the moving party, that this presumption may in some cases be overcome by evidence, and that where competent evidence is offered it is the duty of the trial court to hear and consider it, and that when it does so, and decides the motion thereon, its decision is discretionary, and is reviewable . . . [on appeal] for abuse of discretion only. *Mattox v. United States*, 146 U.S. 140, 149, 13 S.Ct. 50, 53, 36 L.Ed. 917; *Holmgren v. United States*, 156 Fed. 439, 443, 445, 84 C.C.A. 301; *Holmgren v. United States*, 217 U.S. 509, 521, 522, 30 S.Ct. 588, 591, 54 L.Ed. 861, 19 Ann.Cas. 778; *Oborn v. State*, 143 Wis. 249, 126 N.W. 737, 748, 31 L.R.A. (N.S.) 966; *State v. Stark*, 72 Mo. 37, 40; *State v. Shipley*, 171 Mo. 544, 550, 71 S.W. 1039; *McFalls v. State*, 66 Ark. 16, 22, 48 S.W. 492; *State v. Whalen*, 98 Iowa 662, 672, 68 N.W. 554; *Williams v. Chic. & N.W. Ry. Co.*, 11 S.D. 463, 78 N.W. 949, 950." *Chambers v. United States*, 237 F. 513, 521 (8th Cir.1916).

■ There is not sufficient evidence in the record upon which we may apply the *Chambers* rule in this case. *Cf. State v. Edmondson*, 461 S.W.2d 713, 723–24 (Mo. 1971). The following from *Wheaton v. United States*, 133 F.2d 522, 527 (8th Circ. 1943) is appropriate here:

The issues arising upon the motion for a new trial have not yet been competently tried. It is apparent that the parties and the trial court did not realize the necessity of having evidence adduced. We think that, under the circumstances, this Court would not be justified in reversing the judgment and ordering the [trial] court to grant a new trial. To afford that court an opportunity to exercise a proper discretion, it is ordered that the judgment entered upon the verdict of the jury be vacated and that the case be remanded to the [trial] court with directions to set aside the order denying a new trial, to rehear the appellant's motion, and, after a rehearing, to determine whether a new trial should be granted, or whether it should be denied and judgment re-entered upon the verdict.

■ May the jurors testify on rehearing of the motion for new trial? "The rule is perfectly settled, that jurors speak through their verdict, and they cannot be allowed to violate the secrets of the jury room, and tell of any partiality or misconduct that transpired there, nor speak of the motives which induced or operated to produce the verdict. But they may testify in support of their verdict, that no disturbing influence was brought to bear upon them, and that they were not interfered or tampered with. This question was elaborately considered, and all the leading authorities collated and reviewed in *Woodward v. Leavitt*, (107 Mass., 453) and the doctrine was declared to be as above stated." *State v. Underwood*, 57 Mo. 40, 52 (1874). *See Mattox v. United States*, 146 U.S. 140, 149, 13 S.Ct. 50, 53, 36 L.Ed. 917 (1892). *Cf.* Rule 606(b), Federal Rules of Evidence (1975).

The judgment is vacated and the cause is remanded with directions to rehear the motion for new trial.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN and BILLINGS, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

BLACKMAR, Judge, concurring.

I concur in the principal opinion. It provides an effective solution to a vexing problem.

My initial predilection was in favor of affirmance. The trial judge reacted appro-

priately to an emergency situation. When the jury returned to the courtroom after the all clear, counsel made no request or suggestion for an inquiry about the possibility of improper influences. The opportunity for an immediate resolution of the problem, when memories were freshest, was irretrievably lost. The defendant did not complain until after he saw the verdict.

I agree that jurors may testify as to the presence or absence of outside influences. Defense counsel did not make an offer of proof at the hearing on the motion for new trial. But the trial judge should not have quashed the subpoenas to the jurors, and I am now willing to allow the defense to have the benefit of their testimony. I am not persuaded that the jurors would be unable to recall any approaches made of them during the time spent in the basement, had there been any.