STATE of Missouri,
Plaintiff-Respondent,

v.

Everett EVANS, Defendant-Appellant.

No. 13831.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 11, 1985.

William L. Webster, Atty. Gen., Thomas Carter II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lewis Z. Bridges, Lake Ozark, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of the class C felony of stealing at least $150. § 570.030, RSMo 1978. The jury assessed punishment at imprisonment for a term of two years and a fine, the amount to be determined by the court. The court, in accordance with the verdict and the law, sentenced defendant to imprisonment for a term of two years and a fine of $1,000. The sufficiency of the evidence is not questioned on appeal. Therefore we recast only those facts necessary to determine the two points relied on by defendant.

### I.

Defendant first contends the trial court erred in admitting into evidence "items of personal property not named in the information in this cause for the reason said items were not relevant to any issue in this cause and were evidence of other crimes, wrongs or acts and such admission was prejudicial to the defendant/appellant."

The relevant facts are that on July 8, 1983, sheriff's authorities, accompanied voluntarily by the defendant, went to defendant's residence where he identified the items in question as belonging to the school

district for which he worked. At that time, a number of items were seized from his garage and a built-on shed. At trial, the items seized—which included the ones defendant contends were wrongfully admitted into evidence—were labeled as State's exhibits 1–77.[1] There was evidence that the school district had receipts of purchase for many of the items admitted into evidence, and that defendant had made the original purchase orders. Further, it was shown that some of the tools and supplies were not necessarily required in defendant's ordinary course of employment, which included maintenance and repairs of school buses and the purchasing of work-related items. It was also observed that tools and supplies were to be removed from the school district's property only for the purposes of emergency or immediate repairs.

Defendant testified at trial (1) that he was a trusted employee and an excellent mechanic, (2) that he had no intention of stealing or appropriating school district property for his own use, and (3) that his purpose was to have on hand necessary equipment and supplies for maintaining the buses for the school district. In addition, various witnesses testified on his behalf that his reputation for honesty in the community was excellent. Defendant now objects to the admittance into evidence of the items he had identified at his residence as belonging to the Hickory County R–1 School District and with which he was not charged with having stolen.

 Inasmuch as defendant testified he had no intention of stealing school district property, his motive in having such at his residence, other than the necessary items and supplies for emergency or immediate repair, was therefore clearly in issue. Where there is proof, as in this case, that the property not charged in the information was also stolen and that there was some connection between it and the property which the accused is charged with stealing,

the evidence is generally admissible to prove felonious intent, that the alleged theft was part of a continuous transaction or scheme of larceny and to identify the defendant and the allegedly stolen property. *State v. McBride*, 366 S.W.2d 374, 378–379[7] (Mo.1963). Evidence concerning separate and distinct crimes can be admissible when it tends to prove or establish motive, intent, absence of mistake or accident, or a common scheme embracing commission of two or more crimes related to each other, with the proof of one tending to establish the other. *State v. Granberry*, 530 S.W.2d 714, 723[6] (Mo.App.1975). In the present case, defendant's possession of such a large amount of school district property tended to show defendant's purpose and motive and a common plan to misappropriate school district property for his own use. Defendant's first point is denied.

## II.

Lastly, defendant alleges the trial court erred in overruling his motion for a new trial because the motion "brought to the court's attention possible misconduct of jurors in considering comments and influences by unauthorized persons ... and the court should have ordered an evidentiary hearing with regard to said misconduct."

In his motion for new trial defendant alleged, in pertinent part, that:

At the time that the court adjourned on the 23rd day of March, 1984 to reconvene on the 24th day of March, 1984, there were many, many items of property which were state exhibits on the courtroom floor immediately in front of the jury box. That these items of evidence were by the Sheriff of Hickory County, Missouri not removed from the courtroom floor but left in the same position as when the jury was excused until the following morning. On the evening of 23 March, 1984, a meeting of the citizens of Hickory County Missouri was held in said courtroom. With knowledge of the meeting, the items of property were by

---

**1.** Items that defendant claims were erroneously admitted into evidence are listed in appendix to

opinion.

the Sheriff left exposed in said courtroom and the Sheriff further placed a Deputy Sheriff as guard over said items which only emphasized their presence.

Further during the meeting of citizens above referred to, the presence of these items was discussed by the people present and the Deputy Sheriff in charge of same. Further, it is verily believed by this defendant that some of the persons attending this meeting may have discussed these items of evidence with members of the jury panel.

Defendant's motion for new trial was heard and overruled without an evidentiary hearing on June 5, 1984.

■ In Missouri where a motion for new trial is made on account of communications to the jury during the progress of the trial, there is a rebuttable legal presumption that they were prejudicial to the moving party, and *where competent evidence is offered* it is the duty of the trial court to hear and consider it and when it does so, and decides the motion thereon, its decision is discretionary and is reviewable for abuse of discretion only. *State v. Babb*, 680 S.W.2d 150, 152[1] (Mo. banc 1984). However, unverified allegations in a new trial motion do not prove themselves, and cannot be considered unless substantiated by the record or shown by affidavit. *State v. Davis*, 369 S.W.2d 237, 242[3] (Mo.1963).

■ In *State v. Cooley*, 221 S.W.2d 480, 487[18] (Mo.1949), it was held that allegations in a motion for a new trial that members of the jury were permitted to talk to newspaper reporters and had their photographs taken did not prove themselves. In this cause, the bare allegation in defendant's motion for a new trial that improper conversations *may have been held* with the jurors is insufficient to merit a new trial. The trial court will not be convicted of error in refusing to grant a new trial for jury misconduct on such an unsupported and indefinite motion of a convicted defendant. *See, State v. Blair*, 280 S.W.2d 687, 689[7] (Mo.App.1955). The trial court did not err or abuse its discretion in failing to grant a new trial where there was no offer of any evidence that any remark was actu-

ally heard by jurors or that any such theoretical remark was significant to the case. *See, State v. Eaton*, 504 S.W.2d 12, 22[19] (Mo.1973); *State v. Ianniello*, 671 S.W.2d 298, 300[3] (Mo.App.1984). We therefore rule point two against defendant.

The judgment is affirmed.

FLANIGAN and GREENE, JJ., concur.

### APPENDIX

| | | |
|---|---|---|
| 1. | Exhibit No. 17 | Tube of Grease |
| 2. | Exhibit No. 25 | PVC Electrical Tape |
| 3. | Exhibit No. 48 | Heater Hose |
| 4. | Exhibit No. 49 | Case of Quaker State Oil |
| 5. | Exhibit No. 50 | Small Defroster Fan |
| 6. | Exhibit No. 51 | Bearing Packer |
| 7. | Exhibit No. 52 | Fire Extinguisher |
| 8. | Exhibit No. 53 | Fire Extinguisher |
| 9. | Exhibit No. 54 | Defroster Fan in Box |
| 10. | Exhibit No. 55 | Wire Stripper |
| 11. | Exhibit No. 56 | Air Drill |
| 12. | Exhibit No. 57 | Die Set of Numerals |
| 13. | Exhibit No. 58 | Die Set of Letters |
| 14. | Exhibit No. 59 | Box of Cap Screws |
| 15. | Exhibit No. 60 | Goggles |
| 16. | Exhibit No. 61 | Drill Bits in Red Metal Box |
| 17. | Exhibit No. 62 | Torch in Box |
| 18. | Exhibit No. 63 | Lighters |
| 19. | Exhibit No. 64 | Tap and Die Set in Wooden Box |
| 20. | Exhibit No. 65 | Chilton's Car Repair Manual |
| 21. | Exhibit No. 66 | First Aid Kit |
| 22. | Exhibit No. 67 | First Aid Kit in Plastic Box |
| 23. | Exhibit No. 68 | First Aid Kit in White/Blue Metal Box |
| 24. | Exhibit No. 69 | Hack Saw |
| 25. | Exhibit No. 70 | Goggles |
| 26. | Exhibit No. 71 | Box of Assorted Spray Cans |
| 27. | Exhibit No. 72 | Torc Wrench |
| 28. | Exhibit No. 73 | Torc Wrench |
| 29. | Exhibit No. 74 | Torc Wrench |
| 30. | Exhibit No. 75 | Assortment of Sockets in Red Metal Tray |
| 31. | Exhibit No. 76 | Coolant Recovery Kit |
| 32. | Exhibit No. 77 | ⅜ inch Heater Hose in Box |