STATE of Missouri,
Plaintiff/Respondent,

v.

Harold KELLY, Defendant/Appellant.

Harold KELLY, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 59917, 61581.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1993.

Application to Transfer Denied
May 25, 1993.

Elizabeth R. Haines, Marilynn Rydlund, Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Judge.

Defendant, Harold Kelly, was found guilty of tampering in the first degree in violation of § 569.080.1(2) RSMo 1986. The trial court found Kelly to be a prior and persistent offender and sentenced him to a term of thirteen years imprisonment. He filed a motion for post-conviction relief which was denied after an evidentiary hearing. He appeals only from the judgment of the trial court.

Defendant raises four points on appeal. He asserts the trial court erred in overruling his motion for a new trial based on juror misconduct, in overruling his *Batson* motion to quash the jury panel, and in overruling his motion to quash the jury panel on the basis of petit jury panel selection procedures in the City of St. Louis. He also asserts the trial court plainly erred in giving MAI–CR 3d 302.04 which defines reasonable doubt. We affirm.

The sufficiency of the evidence is not in dispute. Police officers observed defendant commit a traffic violation in the City of St. Louis. They activated their flashing red light and followed him until he pulled into a parking lot and stopped. He was driving a white Oldsmobile. A computer check indicated the license plate on the car was registered to a different vehicle. When the officers approached the vehicle, they observed that the steering column of the car defendant was driving was damaged and no keys were in the ignition although the motor was running. A check of the vehicle identification number revealed that the automobile had been reported sto-

len in St. Louis County. They further observed the locks on both the driver's door and the trunk had been punched open and a screwdriver was on the front seat. The owner of the Oldsmobile testified that the automobile had been stolen from a shopping center parking lot in Crestwood, Missouri.

For his defense, defendant testified that he was driving a friend's brown Chevrolet at the time he was stopped and knew nothing of a white Oldsmobile. His theory of defense was that the police fabricated the tampering charges because they did not obtain evidence of a drug offense.

■ For his first point defendant asserts that the trial court abused its discretion in overruling his motion for a new trial based on juror misconduct. He contends that the jury considered facts not in evidence because the foreman brought a map into the jury room during deliberations.

After the verdict was returned, defendant's counsel learned that the jury foreman had brought a map of the City of St. Louis into the jury room during deliberations. She brought this matter immediately to the attention of the court, which held a hearing on the record. Defendant's counsel advised the court that the foreman told her that he brought in the map so that he and the other jurors could evaluate the distance between where the police first saw defendant in the stolen vehicle and where he was pulled over into a parking lot. The trial judge then stated for the record that a large City of St. Louis map was displayed to the jury by the prosecution during the trial and markings were made on it in the presence of the jury. It was not, however, marked as an exhibit or formally offered into evidence by the prosecution. The trial judge said that, had the jury asked for the map during deliberations, he would have sent it to the jury room because it had been used and referred to at trial and fully observed by the jury. The trial judge denied defense counsel's motions for a mistrial and to set aside the verdict on these grounds.

Defendant thereafter moved for a new trial on the basis of this asserted miscon-

duct. After a hearing the trial judge denied the motion. The trial judge repeated his earlier observations that a City street map had been used at trial to illustrate some points. He observed that whatever the jurors saw on the foreman's map they could have seen on the map displayed at trial, which he would have sent in to them had they asked for it. He stated that although the state used the map to illustrate the difference between south St. Louis (where defendant lived) and north St. Louis (where defendant was stopped), the jury could have observed the other location on it while it was displayed to them. The trial judge stated he would infer the foreman's printed map was drawn to scale unless there was evidence it was not.[1] He further observed that the location of streets in the City was or could be a matter of common knowledge among City residents, which the jurors were, and that jurors bring their experiences with them, including their knowledge of City streets. He concluded, "I believe that [the jurors] didn't see anything that they didn't see in the map already displayed to them."

Section 547.020 RSMo 1986 provides in part that a trial court *may* grant a new trial "when the jury has received any evidence, papers or documents, not authorized by the court, ... or has been guilty of any misconduct tending to prevent a fair and due consideration of the case." Defendant argues that because the asserted juror misconduct occurred during deliberations, defendant is entitled to a new trial even if defendant was not actually prejudiced, citing *State v. Jones*, 363 Mo. 998, 255 S.W.2d 801 (Mo.1953) and *State v. Harvey*, 730 S.W.2d 271, 274 (Mo.App.1987). The rule set out in *Jones* and quoted in *dicta* in *Harvey* came from *State v. Dodson*, 338 Mo. 846, 92 S.W.2d 614, 615 (1936). It states:

> We have said, since the enactment of the above statutes [§§ 546.230; 546.240 and 547.020], especially the latter two, ... that if the separation or misconduct oc-

curs after the retirement of the jury for deliberation and prior to reaching a verdict, defendant is entitled to a new trial even though it be established that defendant was not actually prejudiced. *State v. Dodson*, 338 Mo. 846, 92 S.W.2d 614, 615[1, 3]; *State v. Shawley*, 334 Mo. 352, 67 S.W.2d 74, 88[30]; *State v. McGee*, 336 Mo. 1082, 83 S.W.2d 98, 102.

*Jones*, 255 S.W.2d at 806.

This rule, as it applies to misconduct during deliberations, has been expressly repudiated by the Missouri Supreme Court. *State v. Babb*, 680 S.W.2d 150, 151–52 (Mo. banc 1984). In *Babb* the court held:

> In our view, the *Dodson* holding, insofar as it pertains to after-submission situations, should no longer be followed. We are persuaded "that the stronger reasons and the weight of authority sustain the rule that, where a motion for a new trial is made on account of communications to the jury during their deliberations, there is a rebuttable legal presumption that they were prejudicial to the moving party, that this presumption may in some cases be overcome by evidence, and that where competent evidence is offered it is the duty of the trial court to hear and consider it, and that when it does so, and decides the motion thereon, its decision is discretionary, and is reviewable ... [on appeal] for abuse of discretion only. [citation omitted]." *Chambers v. United States*, 237 F. 513, 521 (8th Cir.1916).

680 S.W.2d at 152.

■ Accordingly a new trial is not automatically required in Missouri courts whenever a jury is exposed to material not properly in evidence. Rather a new trial is required only if defendant has been prejudiced. There is no prejudice if the information is shown to be harmless. *State v. Suschank*, 595 S.W.2d 295, 298 (Mo.App. 1979).

■ In Missouri state courts the rule against impeachment of verdicts prohibits

---

1. The foreman's map was not in evidence at either hearing. A map had been sent to the hearing on the motion for new trial by the assistant prosecutor who tried the case, but she became ill just prior to the hearing, and her substitute at the hearing could not state if it was the foreman's map or not.

questioning of jurors after they have given their verdict to determine if their deliberations were in fact prejudiced by the non-evidentiary material. *State v. Rogers,* 686 S.W.2d 472, 479 (Mo.App.1984). This rule is interpreted to prohibit a juror from testifying to the facts of any misconduct. *Id.; Babb,* 680 S.W.2d at 152; *State v. Allen,* 710 S.W.2d 912, 916 (Mo.App.1986); *State v. Foster,* 490 S.W.2d 659, 661 (Mo.App. 1973).[2] Thus the trial court must assess the probability of jury prejudice by evaluating the nature of the non-evidentiary material exposed to the jury and all the surrounding circumstances. The trial judge is in a better position than an appellate court to determine whether the unauthorized documents prejudiced the defendant. *State v. Leisure,* 810 S.W.2d 560, 568 (Mo.App. 1991).

The trial judge's comments on the record establish that he implicitly found that the jury's exposure to the map was harmless and had no prejudicial effect. This finding is also implicit in his action denying the motion for new trial. *Flaton v. Flaton,* 777 S.W.2d 948, 951 (Mo.App.1981); Rule 73.01(2).

■ We review the trial court's denial of the motion for new trial for abuse of discretion. *Babb,* 680 S.W.2d at 152. We find such abuse when the trial court's ruling clearly offends the logic of the circumstances or when it becomes arbitrary and unreasonable. *State v. Jack,* 813 S.W.2d 57, 60 (Mo.App.1991). " 'Abuse' exists when 'reasonable men could not differ as to the propriety of the action taken by the trial court.' " *State v. Young,* 701 S.W.2d 429, 432 (Mo. banc 1985) (quoting *State v. Light,* 686 S.W.2d 538, 541 (Mo.App.1985)), *cert. denied,* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986).

The trial judge properly exercised his discretion in denying the motion for new trial. He conducted a hearing on the record at the point the alleged misconduct was discovered.[3] The trial judge made a record of his observations of the relevant events at trial and the reasons why he believed exposure to the map did not affect the verdict. He held another hearing on the motion for new trial, considered the arguments on whether exposure to the map had a prejudicial impact, set out his observations of the relevant events at trial, and again concluded that the exposure to the map was harmless because he did not believe the jurors had seen anything on the jury room map that had not been displayed to the jury in the courtroom during trial.

There were sufficient facts in the record to support a conclusion that the presence of the map in the jury room did not prejudice defendant. During the trial, the state used a City street map which was displayed to the jury. The state used the map while cross-examining defendant to demonstrate where defendant lived and where he was stopped by the police. There was no dispute between defendant's testimony and the state's evidence as to either of these locations.

Defense counsel represented to the trial court that the foreman brought another City map into the deliberation room because the jurors wanted to evaluate the distance between where the defendant was first observed by the police and where he was pulled over. The location where defendant was pulled over had been specifically pointed out to the jury on the courtroom City map at trial. While the map was still before the jury, defendant testified to where he was first observed by police, although the record does not show that that location was marked or pointed out on the

**2.** In 1987 the Federal Rules of Evidence were amended to recognize an exception to the general rule against impeachment of verdicts. The Rules now allow juror testimony solely on the two questions of whether extraneous prejudicial information was improperly brought to the jury's attention during deliberations and whether any outside influence was improperly brought to bear upon a juror during deliberations. Fed.R.Evid. 606(b).

**3.** Because the trial judge ruled the jury foreman could not testify to the misconduct by virtue of the rule against impeachment of verdicts, the "fact" of the jury's exposure to the map was before the court by defense counsel's offer of proof and the state's agreement to it.

map. There was likewise no dispute at trial over this location.

Since the foreman's map was not at either hearing, there was no evidence on whether the information shown on that map was or was not identical to the map used at trial. The trial judge's inference that a printed City street map would be drawn to scale was reasonable. Upon the record before the trial court, the conclusion that the foreman's map could not have given the jury any different information than the map they were shown during the course of the trial was reasonably warranted.

The trial court's ruling did not offend the logic of the circumstances, nor was it arbitrary or unreasonable. The trial judge did not abuse his discretion in denying defendant's motion for a new trial. Point one is denied.

■ For his second point defendant contends the trial court erred in denying his motion to quash the jury panel made under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant made a timely *Batson* motion alleging the state used three of its six peremptory challenges to strike three black venirepersons, asserting that similarly situated white venirepersons, who were not identified, had not been stricken. The trial court asked the state to explain its strikes. The state gave its reasons for the three strikes, which the trial court found to be race-neutral. The trial court asked defense counsel if she had anything further. She replied, "That's it." Defense counsel did nothing more on the record to pursue the *Batson* motion.

■ Under these circumstances defendant has not preserved any error for review. After the state has articulated acceptable reasons for its strikes, the burden shifts back to the defendant who has the obligation to show that the state's proffered reasons for the strikes were pretextual and the strikes were racially motivated. *State v. Parker*, 836 S.W.2d 930, 939 (Mo. banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992); *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct.

1755, 100 L.Ed.2d 217 (1988). If the defendant fails to challenge the prosecutor's explanations, the defendant preserves nothing for review. *State v. Jackson*, 809 S.W.2d 77, 81 (Mo.App.1991). Point two is denied.

■ For his third point defendant asserts the trial court erred in denying his motion to quash the jury panel and stay the proceedings because petit jury selection procedures in the City of St. Louis denied defendant a jury which reflected a fair cross section of the citizens. Section 494.-400 RSMo (Cum.Supp.1989) requires that all persons qualified for petit jury service be selected at random from a fair cross section of the citizens of the City of St. Louis. Defendant contends that the use of driver's license lists and voter registration lists as source lists for petit juries resulted in under-representation of young persons and minorities.

Jury selection procedures for the City of St. Louis were challenged by a motion to stay all jury trials in another criminal case. All open criminal cases in the City, including the present case, were consolidated for the purposes of that motion. The Honorable Ronald M. Belt held a hearing on that motion on October 10 and 13, 1990. Counsel for the state and the defense agreed to incorporate the hearing transcript and order into all open criminal cases.

On October 16, 1990, Judge Belt ordered all jury trials in the circuit stayed. Although he specifically found no under-representation of racial, gender, or age groups, he did find the procedures used in granting juror continuances resulted in a non-random selection of some juror panels. This impropriety was immediately corrected by the Board of Jury Commissioners whereupon Judge Belt lifted the stay of jury trials.

In *State v. Landers*, 841 S.W.2d 791 (Mo. App.1992), we found with respect to the evidence before Judge Belt:

Defendant's expert witness reviewed age, sex, and race data of 141 jury panels in 1989 and 1990. Analyzing the data over this entire period he concluded that

representation of females did not differ significantly from what you would expect by chance. He also testified there were "no problems" with race and that blacks were not underrepresented. Finally, he testified that young people, age 21–29, were underrepresented by 6% but that under-representation of less than 10% was insignificant.

841 S.W.2d at 793. We held that "the evidence amply supports Judge Belt's finding of no under-representation of racial, gender, or age groups" and found the trial court did not err in denying the motion to quash. *Id.* For the same reasons, point three in this appeal is denied.

■ In his fourth point defendant contends that the trial court plainly erred by submitting MAI–CR 3d 302.04 defining reasonable doubt. This point has been thoroughly and repeatedly addressed and rejected by the Missouri Supreme Court. *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). This court is constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. *State v. Weems*, 800 S.W.2d 54, 58 (Mo.App. 1990).

Defendant argues that the decision of the United States Supreme Court in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) invalidates MAI–CR 3d 302.04's definition of proof beyond a reasonable doubt. The Missouri Supreme Court has explicitly held that MAI–CR 3d 302.04 meets the constitutional requirements for a definition of reasonable doubt and is unlike the charge in *Cage* which equated proof beyond a reasonable doubt with a lower standard. *State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991). Point four is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.