**STATE of Missouri, Respondent,**

v.

**Desmond WOLF, Appellant.**

**Desmond WOLF, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67445, 69354.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 8, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Desmond Wolf, was charged with unlawful possession of a concealable firearm on August 19, 1994, a class C felony. Section 571.070 RSMo 1986. The case was jury tried. On December 16, 1994, the trial court sentenced him to seven years imprisonment as a prior, persistent and "class X offender." Because of his prior convictions, he was subject to a sentence of not more than 20 years. Section 558.016.7(3) RSMo Cum.Supp.1993.[1] However, the sentence was the maximum allowed for class C felonies without enhancement. He filed a Rule 29.15 motion for post-conviction relief which was denied without an evidentiary hearing.

Defendant raises three issues on appeal. He asserts the trial court erred in: (1) sentencing him as minimum prison term offender pursuant § 558.019; (2) overruling his objection in accord with *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); and (3) denying his Rule 29.15 motion for ineffective assistance of counsel.

Viewed in the light most favorable to the verdict, the evidence presented to the jury was as follows. On the evening of April 22, 1994, two St. Louis City Police officers were patrolling the area of Vandeventer and St. Louis Avenues when they heard gunshots. Driving in the direction of the shots, they saw people pointing towards Lincoln Avenue. After turning the radio down and the head-lights off, they turned onto Lincoln and notified the dispatcher.

As they approached the middle of the block, one of the officers noticed a black male standing in a backyard. He was holding and firing a handgun above his head. The officers exited their vehicle. The man with the gun, later identified as defendant, saw them and ran into the house. Both officers testified defendant was wearing some sort of light colored clothing.

The officers entered the house. They found defendant and several others in the bedroom. The officers testified they recognized defendant by his clothing. They took him into custody and recovered a handgun from his waistband.

■ In Point I, defendant argues the trial court erred in reclassifying the charged class C felony to a class B felony. The state argues § 557.021.3 authorizes reclassification. If § 557.021.3 applies, the class C crime could be reclassified as a B felony and defendant would be subject to the pre–1994 minimum term sentencing pursuant § 558.019.2(3).

The primary rule of statutory construction is to ascertain the legislative intent from the language used and to consider statutory words in their plain and ordinary meaning. *State v. Knapp,* 843 S.W.2d 345, 347 (Mo. banc 1992). Where the language of the statute is clear, there is no room for construction and the courts must give effect to the statute as written. *Kearney Special Road District v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993).

Section 557.021 is entitled "Classification of offenses *outside this code.*" (our emphasis) By its terms, it is only applicable to non-code offenses. Unlawful possession of a concealable firearm is defined by § 571.070 as a class C felony. It is a code offense. Hence, the trial court erred in determining § 557.021 authorized reclassification of defendant's class C felony as a class B felony.

Defendant is therefore not subject to a minimum prison term sentence under § 558.019.2(3). Section 558.019.2, before the

---

1. All statute section numbers refer to RSMo     Cum.Supp.1993, unless otherwise noted.

1994 amendment, applied only to certain class A and B felonies, dangerous felonies as defined by § 556.061(8) and any felony enhanced by operation of law. There are numerous examples of enhancement by operation of law. See, §§ 566.040 RSMo 1986, 566.070 RSMo 1986, 568.060 RSMo Cum. Supp.1993 and 568.080 RSMo 1986. The charged crime in this case is defined in § 571.070 and that statute contains no enhancement provisions. There is no legal authority to reclassify this code offense. The trial court cannot make defendant's sentence for a class C felony the subject of a minimum prison term under § 558.019.2(3) in the absence of legal authority to reclassify or enhance the crime charged.

■ In Point II, defendant argues the trial court erred in overruling his *Batson* objection to the state's peremptory strike against a black venireperson. When confronted with a *Batson* objection, the trial court must follow a three step procedure. First, the defendant must raise a *Batson* challenge with regard to one or more venirepersons struck by the state and identify the cognizable racial group to which the venireperson belongs. *State v. Parker,* 836 S.W.2d 930, 939 (Mo. banc 1992). Second, the state must come forward with reasonably specific and clear race-neutral explanations for the strike. *Id.* Third, assuming the state articulates an acceptable reason, the defendant needs to show that the state's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated. *Id.*

■ Defendant failed to meet his burden under the first and third steps of *Parker* in his *Batson* challenge. The race of the struck venireperson that defendant challenged was not identified. Nor did the defendant attempt to provide arguments that the state's reasons for striking that venireperson were pretextual. Under these circumstances, defendant has not preserved any error for review. If the defendant fails to challenge the state's explanations, he preserves nothing for review. *State v. Kelly,* 851 S.W.2d 693, 697 (Mo.App. E.D.1993). Point denied.

■ In his final point, defendant argues the motion court erred in denying his Rule 29.15 motion. He argues his trial counsel was ineffective because he failed to preserve for appellate review objections to the prosecutor's peremptory strike of one specific venireperson. Post-conviction relief for ineffective assistance of counsel is limited to errors which prejudice the movant by denying him a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State,* 738 S.W.2d 856, 858, 860–61 (Mo. banc 1987).

■ Defendant's trial counsel cannot be found ineffective for failing to preserve an issue which has no merit. The prosecutor struck the challenged venireperson because she needed more than one person to testify. This reason is not pretextual and defendant is not prejudiced. Additionally, defendant does not argue that, but for counsel's ineffectiveness, the result would have been different or that his trial was not fair. As such, this point relied on does not state a claim cognizable under Rule 29.15. Point denied. We affirm the seven year imprisonment term imposed on defendant by the trial court as a prior and persistent offender. We reverse and remand to correct the sentence by removing any provision that the sentence as a class C felony is subject to the provisions of § 558.019. We affirm denial of Rule 29.15 motion.

RHODES RUSSELL, P.J., and SIMON, J., concur.