**STATE of Missouri**, Respondent,

v.

**Donnie L. FISHER**, Appellant.

**No. WD 58594.**

Missouri Court of Appeals, Western District.

April 24, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2001.

Application for Transfer Denied June 26, 2001.

---

1. Judge Stith participated in the case at the time of submission as a member of the court and was specially assigned to remain on this case by order of the Supreme Court after her appointment to the Supreme Court.

Tara L. Jensen, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., EDWIN H. SMITH, and NEWTON, JJ.

ULRICH, Presiding Judge.

Donnie Fisher appeals his convictions following a jury trial for five counts of assault of a law enforcement officer in the first degree, section 565.081, RSMo 2000, and five counts of armed criminal action, section 571.015, RSMo 2000, and consecutive sentences as a prior offender to five terms of life imprisonment and five terms of five years imprisonment, respectively. In his single point on appeal, Mr. Fisher claims that the trial court abused its discretion in compelling him to remain shackled at counsel table as he testified. The judgment of convictions is affirmed.

Donnie Fisher, appellant, and Roy Sanford escaped from a Georgia prison, stole a truck, and returned to Huntsville, Missouri, where they hid in an unoccupied mobile home, which was owned by an acquaintance. They remained in the mobile home for seven days when the owner informed law enforcement officers of the escapees' location. The owner also provided law enforcement officers with a key to the mobile home and gave them permission to search it. Five law enforcement officers went to the mobile home where they attempted to apprehend Mr. Fisher and Mr. Sanford. During the event, both escapees fired shots from a sawed off shotgun at the law enforcement officers, shooting all five. All survived, although at least two were seriously and permanently injured. Mr. Fisher, himself, was shot by one of the law enforcement officers. The escapees ultimately surrendered to the officers, and they were charged. Mr. Fisher does not contest the sufficiency of the evidence.

Mr. Fisher's only point on appeal is that the trial court abused its discretion in compelling him to remain shackled at counsel table when he testified. He claims that, because of his being compelled to testify at counsel table, the jury must have concluded that he was dangerous, untrustworthy, and guilty of the charged crimes. He claims, therefore, that he was prejudiced because the jury was less likely to believe his defense that he did not know that the people outside the mobile home where he was captured were police officers. He claims that less intrusive options were available to the court to ensure the security of the courtroom.

The trial court exercises considerable discretion to determine the procedures and restraints essential to maintain order within the courtroom. *State v. Guinan*, 665 S.W.2d 325, 331 (Mo. banc 1984), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984); *State v. Borman*, 529 S.W.2d 192, 194 (Mo.App. Springfield Dist. 1975). Where the defendant alleges that the trial court abused its discretion in ordering his restraint, the defendant bears a dual burden of proof: first, the defendant must show that the trial court abused its discretion when the decision to shackle the defendant was made, and second, the defendant must establish that the court's actions prejudiced him. *State v. Endicott*, 881 S.W.2d 661, 663 (Mo.App. W.D.1994). The same standard logically applies where the defendant asserts that the court abused its discretion in altering the procedure of the trial because the defendant was restrained, such as compelling the defendant to remain shackled at counsel table when he testified.

A trial court's imposition of a restriction on the defendant constitutes an abuse of discretion where such action by the court offends the logic of the circumstances or is arbitrary and unreasonable. *See State v. Taylor*, 917 S.W.2d 222, 226 (Mo.App. W.D.1996). "Abuse" exists when reasonable persons could not differ as to the propriety of the action taken by the trial court. *Id.* (citing *State v. Kelly*, 851 S.W.2d 693, 696 (Mo.App. E.D.1993)).

When considering the claim of abuse of discretion, the reviewing court recognizes that the trial court is usually better positioned than it to determine whether the restrictive measures satisfy the court's duty to control the courtroom and maintain the security of those present and to also utilize such procedures, under the circumstances, that best maintain the rights of the defendant.

A defendant has the right to appear before the jury unshackled unless good reason, based on the defendant's misconduct or exceptional circumstances, dictates that restraints are needed. *State v. Jones*, 556 S.W.2d 736, 737 (Mo.App. E.D. 1977). Relevant factors to consider in determining the propriety of restraints include the presence or absence of disruptive conduct prior to or during the trial, the presence or absence of threats of such misconduct, the trial atmosphere, the likelihood of an attempt to escape, the age and physical attributes of the accused, the nature of the offense on trial, the size and mood of the audience, and the adequacy of alternative remedies. *State v. Methfessel*, 718 S.W.2d 534, 537 (Mo.App. E.D.1986); *State v. Moore*, 633 S.W.2d 140, 142 (Mo. App. W.D.1982); *Borman*, 529 S.W.2d at 194. The propriety of physical restraints thus depends upon the particular facts of each case. *Borman*, 529 S.W.2d at 194.

In *State v. Methfessel*, the Eastern District affirmed the use of leg restraints on the defendant during defendant's trial. 718 S.W.2d at 537. The evidence considered by the court in determining whether the trial court had abused its discretion was that defendant had demonstrated an ability to remove handcuffs from his person and had attempted to escape from the Missouri State Penitentiary less than a year before the incident for which he was currently charged. *Id.* The court stated that "[t]his evidence indicated a likelihood that defendant would attempt to escape and was thus sufficient to support the use of leg restraints against defendant." *Id.* The court also noted that defendant's legs were "presumably ... concealed below the counsel table during trial, thereby minimizing any possibility of prejudice." *Id.*

In this case, Mr. Fisher had escaped from a Georgia prison, stolen a vehicle, and fled to Missouri. He was a fugitive before he was caught and had undeniably shot five law enforcement officers arguably to avoid capture, despite his defense that he was unaware of whom they were. The trial court compelled the defendant to be tethered to counsel table. The record reflects that the trial court was extremely careful to ensure that the jury did not observe Mr. Fisher in shackles. His arms and hands were not restrained. A skirt was attached to the counsel table where Mr. Fisher was seated during the trial. Only his legs were restrained, and the skirt on the table ordinarily prevented the jury from viewing the restraints. The court required Mr. Fisher to remain restrained and seated at counsel table when he testified. To permit Mr. Fisher to testify from the witness stand would have increased security requirements on court personnel. Additionally, the physical restraints restricting Mr. Fisher's movement would have become obvious and potentially influencing to the jury. Thus, the trial court did not abuse its discretion in compelling Mr. Fisher to remain seated at counsel table when he testified. The point is denied.

The judgment of convictions is affirmed.

EDWIN H. SMITH and NEWTON, JJ., concur.