**8**

STATE of Missouri, Respondent,

v.

Frederick CRAWLEY, Appellant.

Frederick CRAWLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42869.

Missouri Court of Appeals,
Western District.

Aug. 20, 1991.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

PER CURIAM.

This is a consolidated appeal by Frederick Crawley from the judgment of conviction of robbery in the first degree, § 569.-020, RSMo.1986, and armed criminal action, § 571.015, RSMo.1986, after jury trial; and from the judgment denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Appellant contends the trial court erred in giving instruction MAI–CR 3d 302.04 which defines "reasonable doubt."

The judgments are affirmed.

Two men robbed Cindy Latimar at gun point of a money bag containing the day's receipts of Break Time, a convenience store in Columbia. Latimar knew one robber as Marvin Hayes, a regular customer of the store. At trial, Latimar identified appellant as the person she believed was the gunman with Marvin Hayes. When arrested, appellant denied that he was Frederick Crawley. While being booked on armed robbery charges, appellant volunteered, "Marvin Hayes got me into this." A search of the premises where appellant and Hayes resided revealed the Break Time money bag and a loaded pistol which matched the victim's description. At trial, appellant testified in his own behalf, called a witness, and advanced an alibi defense. However, the defense witness testified that he had heard appellant admit his participation in the robbery.

A jury found Frederick Crawley guilty of first degree robbery and armed criminal action, and recommended fifteen-year prison terms on each count. The trial court sentenced appellant to consecutive terms of imprisonment of fifteen years for robbery and ten years for armed criminal action.

Appellant initiated post-conviction proceedings by timely filing a pro se motion under Rule 29.15. Appointed motion counsel filed an amended motion on appellant's behalf, alleging that his trial counsel had been ineffective for failure to interview and to call certain alibi witnesses. Although appellant was afforded an evidentiary hearing, the motion court denied post-conviction relief.

■ The appeals from the judgment of conviction and from the denial of the Rule 29.15 motion are consolidated in this appeal. However, any claim resulting from the denial of post-conviction relief is deemed abandoned on appeal because appellant has not briefed any assignment of error in that regard. *State v. Wilkerson,* 796 S.W.2d 388, 397 (Mo.App.1990). In his sole point, appellant claims error in instructing the jury on reasonable doubt as patterned on MAI–CR 3d 302.04.

■ Appellant asserts error in giving pattern instruction MAI–CR 3d 302.04 which defines "reasonable doubt."[1] According to appellant, in defining "reasonable doubt" as proof which leaves jurors "firmly convinced," the pattern instruction reduces the burden of proof below the standard required by due process. Appellant acknowledges that the Missouri Supreme Court upheld as constitutional the language contained in the reasonable doubt instruction in *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987); *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). However, appellant seeks transfer to the supreme court for reconsideration of MAI–CR 3d 302.04 in light of *Cage v. Louisiana,* — U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). In *Cage,* the

United States Supreme Court determined that a Louisiana instruction unconstitutionally defined "reasonable doubt" by equating it with "grave uncertainty," "actual substantial doubt," and "moral certainty."

Appellant's argument on appeal is identical to that raised and recently rejected in *State v. Turner,* 810 S.W.2d 92, 94 (Mo. App.1991). Finding that *Cage v. Louisiana* did not change Missouri law, the Eastern District denied Turner's request for transfer for reconsideration of *Antwine.*

■ Further, appellant's claim presents no basis for relief on appeal. The reasonable doubt instruction submitted in this case is a mandatory instruction and conformed to the pattern instruction adopted by the Missouri Supreme Court. This court lacks authority to declare the instruction erroneous. *State v. Smith,* 800 S.W.2d 794, 795 (Mo.App.1990).

The judgment of conviction and the denial of post-conviction relief are accordingly affirmed.

■

---

1. MAI–CR 3d 302.04 provides in pertinent part: Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. If, after your con-

sideration of all the evidence, you are firmly convinced that (a) (the) defendant is guilty of the crime charged, you will find him guilty. If you are not so convinced, you must give him the benefit of the doubt and find him not guilty.