STATE of Missouri, Respondent,

v.

Annette LANDERS, Appellant.

Annette LANDERS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59718, 61203.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 24, 1992.

Emily N. Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant, Annette Landers, appeals from jury convictions of murder in the second degree and felony stealing. She was sentenced to concurrent terms of life imprisonment and five years. We affirm.

The evidence shows that on February 10, 1990, defendant and her niece were walking past victim's home when victim (Mr. Daniels) invited them over to his house. They declined, but the niece, who often did chores for Mr. Daniels returned later and at Mr. Daniels' request retrieved defendant.

Defendant claims she thought Mr. Daniels was inappropriately touching her niece or that her niece was stealing from Mr. Daniels because of the large amount of money she was paid for doing chores. Both the niece and Mr. Daniels denied either had occurred. At this point the niece left but defendant remained behind. She then entered Mr. Daniels' bedroom where he offered her sixty-dollars in exchange for sex. Defendant agreed but stated she had other business to take care of first. When

she tried to leave Mr. Daniels grabbed her and pulled her down onto the bed. She struggled with Mr. Daniels on the bed and was struck with his cane. Defendant reached for a knife on the dresser and stabbed victim fourteen times. She then took over $1,000 of his money and fled.

Defendant arrived at her sister's house and removed her blood stained clothes. She then distributed some of Mr. Daniels' money to her family members. She walked next door and bought cocaine with the money claiming that it would "soothe her mind."

■ Defendant's first point on appeal is that the trial court erred when it overruled her Motion to Suppress Statements because the statements were the product of an illegal arrest. Defendant claims there was no probable cause to support her warrantless arrest on February 15, 1990. The inquiry into a trial court's ruling on a motion to suppress is limited to whether the decision is supported by substantial evidence and "deference is given to the trial court's superior opportunity to determine credibility of witnesses." *State v. Feltrop*, 803 S.W.2d 1, 12 (Mo. banc 1991).

Detectives Wiber and Bender received four different tips all claiming that defendant was responsible for Mr. Daniels' death. Both detectives arrived at defendant's home and asked her to accompany them to the police station which she agreed to do. Upon arrival she was placed in an interview room, Mirandized and questioned. The police admit they had no warrant when they asked defendant to accompany them.

■ Defendant correctly asserts that a warrantless arrest may be valid if based on probable cause. *State v. Corpier*, 793 S.W.2d 430, 436 (Mo.App.1990). However, the existence of probable cause is irrelevant to the resolution of this point. When a defendant voluntarily accompanies officers to the station no arrest is deemed to have occurred. *State v. Spivey*, 710 S.W.2d 295, 299 (Mo.App.1986). Defendant claims, however, that she was handcuffed at her home. Both officers stated they did not remember handcuffing her and that defendant voluntarily accompanied them.

The denial of the Motion to Suppress Statements was amply supported by the evidence. Point denied.

■ Defendant's second point on appeal is that the trial court erred in overruling defendant's objections to the prosecutor's closing argument. We note that the trial court has wide discretion to control closing argument. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983). Unless that discretion is clearly abused the action of the trial court should not be disturbed on appeal. *State v. Davis*, 653 S.W.2d 167, 176 (Mo. banc 1983).

■ The prosecutor began the rebuttal portion of his closing argument by stating that defense counsel had done a good job, that she had spoken with State's witnesses the evening before trial and that these witnesses had testified somewhat differently from anything they had said before [1]. Defendant claims the prosecutor inferred that defense counsel was conducting shady dealings. Defendant cites *State v. Hornbeck*, 702 S.W.2d 90 (Mo.App.1985) in support. In *Hornbeck*, the prosecutor argued that defense counsel made sure a State witness was not present to testify. The court ruled the comment was reversible error because there was no evidence to support the accusation. *State v. Hornbeck*, 702 S.W.2d at 93. Generally, the prosecutor may only argue matters which are in evidence. *State v. Jackson*, 768 S.W.2d 614, 616 (Mo. App.1989).

In this case, the prosecutor's closing argument that defense counsel spoke with State witnesses just prior to trial and that those witnesses testified a little differently from their prior stories is supported by the evidence. Defendant's niece, nephew and sister all stated they spoke with defense counsel the night before the trial. Further, the niece had consistently denied that Mr. Daniels fondled her. However, on cross-examination by defense counsel she testified that Mr. Daniels fondled her when he was drunk. She also testified that the first person she told this to was defense counsel the evening before the trial began. Final-

---

1. State's witnesses were family members of the    defendant.

ly, the niece testified that she never spoke with family members about the case. However, her mother, defendant's sister, stated that she spoke with her daughter about the case. The prosecutor's comments were supported by the evidence. Point denied.

Defendant's third point on appeal is that the trial court erred in overruling her Motion to Quash the Indictment or in the alternative Stay the Proceedings. Defendant claims non-compliance with Sections 494.400 through 494.505 regarding the selection of grand juries and petit juries in the City of St. Louis.

■ Defendant was tried on a substitute information issued September 10, 1990 which replaced the March 13, 1990 grand jury indictment. No challenge has been made to the substitute information. Therefore, any error in the earlier grand jury indictment is moot. *State v. McDowell*, 832 S.W.2d 333, 335 (Mo.App.1992).

■ Defendant also claims that problems with the petit jury selection system caused under-representation of certain groups in the jury pool. The Honorable Ronald M. Belt held a hearing on October 10 and 13, 1990 on a Motion to Stay all jury trials in the City of St. Louis because of problems with the jury selection procedures. On October 16, 1990, Judge Belt sustained the motion in an order to stay all jury trials in the circuit. Although he specifically found no under-representation of racial, gender, or age groups, he did find the procedures used in granting juror continuances resulted in a non-random selection of some juror panels. This impropriety was immediately corrected by the Board of Jury Commissioners and Judge Belt lifted the stay of jury trials.

Defendant has preserved her challenge to the jury selection procedures. She contends these procedures denied her a jury reflecting a fair cross section of the citizens of the City of St. Louis. Defendant argues that blacks and young people between 21 and 29 years of age were underrepresented. However, defendant's expert witness reviewed age, sex, and race data of 141 jury panels in 1989 and 1990. Analyzing the data over this entire period he concluded that representation of females did not differ significantly from what you would expect by chance. He also testified there were "no problems" with race and that blacks were not underrepresented. Finally, he testified that young people, age 21–29, were underrepresented by 6% but that under-representation of less than 10% was insignificant. The evidence amply supports Judge Belt's finding of no under-representation of racial, gender, or age groups. Point denied.

Although defendant filed a Notice of Appeal from the denial of her Rule 29.15 motion, she has not asserted any challenge to this ruling in her appellate brief. Accordingly, this issue is considered abandoned. *State v. Archer*, 814 S.W.2d 315, 319 (Mo.App.1991) and *State v. Crawley*, 814 S.W.2d 8, 9 (Mo.App.1991).

Judgment affirmed.

CRANE and SIMON, JJ., concur.