**STATE of Missouri, Respondent,**

v.

**Willie ALLEN, Appellant,**

**Willie ALLEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 59886, 61477.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1993.

Elizabeth Haines, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

In a consolidated appeal, defendant contests convictions of possession of cocaine in violation of § 195.202 RSMo Cum.Supp. 1991, delivery of cocaine in violation of § 195.211 RSMo Cum.Supp.1991, and denial of Rule 29.15 relief from these convictions. In four points on appeal, defendant alleges the trial court abused its discretion by: (1) allowing three marijuana cigarettes to be admitted into evidence; (2) allowing the prosecutor to express his opinion in closing argument; (3) defining reasonable doubt in terms of "firmly convinced"; and (4)(a) not quashing the indictment due to improper grand jury procedures and (b) allowing the verdict to stand despite improper petit jury procedures. In the fifth point, defendant alleges ineffective assistance of counsel.

Defendant claims the three marijuana cigarettes should have been excluded as prejudicial evidence of other crimes. This claim fails because the cigarettes were laced with cocaine. Evidence of separate, distinct and unrelated crimes is generally inadmissible unless the evidence has a legitimate tendency to establish a defendant's guilt of the crime charged. *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App. 1992). Defendant was charged with possession of cocaine. Therefore, the evidence of possession of cigarettes laced with cocaine is relevant evidence of the crime charged. Additionally, the word marijuana was never used. Prejudice did not result because the only incriminating, drug-related word used was cocaine, the charged offense.

In point two, defendant contends the prosecutor made a comment during closing argument that allowed the jury to infer he had special knowledge of common practices of drug dealers and this unprov-

en, special knowledge pointed toward defendant's guilt.

The statement, which followed an explanation of the practice of drug dealers to carry only small amounts of drugs was, "I think it is beyond a reasonable doubt." Defendant claims such argument is based on facts not in evidence.

"Arguments by the prosecutor referring to facts not before the jury may be permissible so long as they do not imply special knowledge of the prosecutor pointing to the guilt of the defendant." *State v. Schlup,* 785 S.W.2d 796, 804 (Mo.App. 1990). In the current case, the facts about the practice of drug dealers were in evidence. The actual drug salesman testified to the common practice discussed by the prosecutor.

"Improper argument is grounds for reversal only if it can be shown that the prosecutor's comments had a decisive effect on the jury." *State v. Keil,* 794 S.W.2d 289, 293 (Mo.App.1990). In this case, the prosecutor's belief of proof of "safe" acts of drug dealers "beyond a reasonable doubt" was not unconnected to evidence and did not depend on unspoken, special knowledge of the prosecutor. There was testimony of a known drug dealer to support the finding.

■ In his third point, defendant contends MAI–CR 3rd 302.04 defining reasonable doubt as firmly convinced does not meet the standard set in *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). Our supreme court definitively ruled this instruction constitutional under the Supreme Court standards in *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991). Point denied.

Fourth, defendant alleges his constitutional rights were violated because the grand and petit juries were selected by procedures that violate the policy of § 494.-400 to 494.505 RSMo Cum.Supp.1991. We disagree with both allegations.

The contention regarding the grand jury selection finds its basis in a study now known as the Warren Poll. This study was conducted for the Public Defender in the City of St. Louis to determine whether the jury pool was a fair cross section of the citizens of the city. A hearing was held before the Honorable Ronald M. Belt, a special judge. His findings indicate after 1990 a computer was implemented to assure a random, fair cross section for jury pools. The order issued after the hearing indicated the computer was adequately accomplishing the statutory policy.

Defendant was indicted in January 1990. The panel of grand jurors, therefore, were summoned before the computer was implemented. Defendant asserts age, sex and race distortions prevented a proper indictment.

With respect to sex, the order made specific reference to the Warren Poll which found random procedures were used with respect to sex. Therefore, there is no evidence a proper cross section was not achieved.

■ The western district of this Court found age is not a cognizable group under *State v. McFarland,* 604 S.W.2d 613, 615 (Mo.App.1980). [Transfer denied by Supreme Court]. Because this is a necessary element under *Castaneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977), the trial court correctly found there were no grand jury selection problems related to age.

Race is the last category in question. Under the "Blue Ribbon" method formerly employed by the court in St. Louis, circuit judges submitted names of jurors to the jury commissioner. Those names were put in the wheel and drawn in lots of twenty-four from which the judges would choose twelve jurors. This procedure was in accord with § 498.310 RSMo 1986. Point denied.

This court recently upheld the order with respect to petit juries in *State v. Landers,* 841 S.W.2d 791 (Mo.App.E.D.1992). The rulings on jury issues are affirmed.

Finally, defendant contends ineffective assistance of counsel in that defense counsel failed to object with particularity to the admission of certain evidence allegedly the subject of an illegal search and seizure.

The issue was initially raised in a Motion to Suppress Evidence. Defendant also filed a Motion in Limine heard before the trial began. Both motions were specific regarding the reasoning for wanting the evidence omitted. At the close of the argument on the Motion in Limine, the court stated "as I understand it, you want the objection continuing" to which defense counsel responded affirmatively. Therefore, counsel adequately preserved these issues for appeal. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.