STATE of Missouri, Respondent,

v.

Calvin BAUGH, Appellant.

Calvin BAUGH, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60845, 62244.

Missouri Court of Appeals,
Eastern District,
Division Seven.

May 18, 1993.

---

Elizabeth Haines, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant, Calvin Baugh, appeals conviction of unlawful possession of a concealable firearm, § 571.070 RSMo 1986, as a prior and persistent class X offender and denial of a 29.15 motion after an evidentiary hearing. We affirm the convictions. The parties agree to a remand for resentencing.

On August 23, 1990, police received a report of a suspicious person. Officer Rice proceeded to the reported location, a church on North Grand. When the officer attempted to rouse defendant from the steps of the church, defendant moved and the officer saw a gun lying under him. Defendant was then arrested for the charged crime.

In six points on appeal, defendant alleges error by the trial court in: (1) sentencing him as a class X offender; (2) allowing the prosecutor to improperly use prior convictions; (3) not declaring a mistrial due to the court clerk's testimony; (4) defining reasonable doubt as firmly convinced; and (5) the grand and petit jury procedures. In the sixth point, defendant contends error in overruling his 29.15 motion in which he claimed ineffective assistance of counsel in that a witness was not interviewed.

Defendant, in his first point, asserts he was improperly sentenced as a class X offender. The state agrees. We remand for re-sentencing because the remaining claims of error are without merit.

Defendant argues the trial court allowed the state to improperly refer to a prior conviction in closing argument. The objectionable part of the state's closing argument was:

Next he says you're not here to determine the guilt or the innocence of anybody.... Ladies and gentleman, you're here to decide whether he's guilty or not. You're here to decide whether that man who is guilty of a dangerous felony, burglary, walks or not.

To be convicted of unlawful possession of a concealable firearm under the provisions of § 571.070, defendant must have been convicted of a dangerous felony defined under § 558.021, within five years of possession or have been confined for the commission of a dangerous felony within five years of possession. In this case, defendant's prior conviction for burglary second degree was plead as part of the crime defined in the statute. Accordingly, the reference to the burglary conviction was proper where the prior conviction was an element of the charged offense. The jury was aware of the conviction through evidence presented at trial. This reference, therefore, was nothing more than a recap of that evidence.

Defendant contends testimony by the clerk of the court regarding defendant's prior convictions was unduly prejudicial. The allegation of error stems from the clerk taking the witness stand with three court files and then asking for clarification with respect to the cause number being discussed. We find no prejudice and, therefore, no error.

The clerk did have more than one file on the stand but, after objection, the court removed two. Moreover, the content of those files is entirely undeveloped. The jury was never informed the files involved defendant. Because of the ambiguity regarding the files, prejudice is purely speculative. Additionally, the trial court is in the best position to judge prejudice, and we find no basis to disturb this judgment. *See*

*State v. Hornbuckle,* 769 S.W.2d 89, 96 (Mo. banc 1989). Therefore, this claim of error is denied.

Defendant contends error in defining reasonable doubt as firmly convinced. Repeatedly, this court has rejected this theory under *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991). Point denied.

Defendant also alleges error in the grand and petit jury selection procedures. Both procedures were upheld in prior opinions of this court. *See State v. Landers,* 841 S.W.2d 791 (Mo.App.1992) and *State v. Allen,* 845 S.W.2d 671 (Mo.App.E.D.1993). Point denied.

■ Finally, defendant alleges ineffective assistance of counsel in that defense counsel failed to interview witnesses called by the state, including the clerk of the court. The motion court denied relief after a hearing where there was evidence police officers and the clerk were not interviewed.

Our review is limited to whether the hearing court's findings were clearly erroneous. Rule 29.15(j). The evidence in this case does not support the conclusion the motion court's ruling was clearly erroneous. First, there is no guarantee that a pre-trial interview would have established the clerk planned to bring more than one file nor was there any surprise testimony of the officers. Second, defendant suffered no proven prejudice from the acts of the clerk. Point denied.

The convictions are affirmed, we remand for resentencing.

PUDLOWSKI and CRANDALL, JJ., concur.