STATE of Missouri, Respondent,

v.

**Maderia MACK, Appellant.**

**No. 60463.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 15, 1993.

Susan Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant appeals from his conviction on one count of possession of heroin in violation of Section 195.202 RSMo. (1986). He was sentenced to five years imprisonment as a prior offender. We affirm.

We view the evidence in a light most favorable to the verdict. St. Louis City Police Officers Keith Lammert and Joseph Crews were patrolling the 1700 block of Carr Lane at 9 a.m. on October 20, 1990, when a woman flagged them down and told them that a black male wearing a brown coat had been selling drugs nearby within the past two days. She refused to give the officers her name out of fear. The officers then drove one block to the 1700 block of Carver Lane and parked their vehicle in a parking lot near several low-rise apartments. Both officers noticed a black male wearing a brown coat, later identified as defendant. The officers exited their vehicle and walked towards defendant as he was urinating on one of the apartments. Defendant finished urinating and began walking towards the officers with both hands in his coat pockets. As defendant neared the officers he removed an object from his right coat pocket and dropped it on the ground behind him. Officer Lammert retrieved the object and later testified he believed it to be cocaine or heroin. It was later identified as heroin.

Defendant was arrested and brought to the Fourth District Police Station, where an inventory search was performed. At that time a tar like substance was found on defendant which Officer Lammert believed was tar heroin.

Defendant's first point on appeal is that the trial court abused its discretion by excluding photographs of the crime scene. He claims that the trial court violated his constitutional rights and that the photograph's probative value outweighed any prejudice to the State.

Defendant attempted to introduce photographs depicting the area where he was arrested to prove that the officers could not have seen him from where they were parked. Defendant however, admitted on cross-examination that the officers could have seen him if he had been urinating on the wall as they claimed. Additionally, there was ample testimony describing the

crime scene including a diagram drawn by one of the officers.

■ The State argues that the photographs were not disclosed upon written request thereby violating Rule 25.05(A)(3) and were thus properly excluded. Rule 25.05(A)(3) requires the defendant to disclose upon written request all books, papers, documents, photos, etc. that he intends to introduce at trial. Defendant does not dispute he violated Rule 25.05(A)(3). The photos were taken prior to the State's written request on November 15, 1990, but were not turned over until May 9, 1991, the first day of trial. Rule 25.16 allows the court to exclude evidence for violations of Rule 25.05(A)(3). Imposition of sanctions for discovery violations is within the trial court's discretion. *State v. Parsons*, 815 S.W.2d 106, 108 (Mo.App.1991). The trial court abuses its discretion only where the sanctions result in fundamental unfairness to defendant. *Id.* at 108. Defendant cross-examined both police officers concerning the area where defendant was arrested. He also admitted the officers could see him from where they were parked. Defendant has failed to show how the exclusion of the photographs is fundamentally unfair. Defendant's first point is denied.

Defendant's second point on appeal is that the trial court erred in denying his motion for mistrial based on juror misconduct. The trial court replaced the juror accused of misconduct with an alternate juror.

The misconduct took place after defendant continued to answer questions before the trial judge could rule on defense counsel's objections. Both attorneys and the trial judge conferred at a side bar to discuss defendant's behavior. Defendant however, continued to talk to the jurors at this time and was "shushed" by one of the jurors. The sheriff's deputy reported this to the judge who then questioned on the record both the deputy and juror. The juror claimed she merely coughed but the deputy stated he clearly heard a "shush." The judge then overruled defendant's motion for a mistrial, excused the juror and replaced her with an alternate, effectively

curing any potential prejudice. Neither attorney wished to poll the jury on whether or not they were improperly influenced by this incident.

■ We will not disturb the trial court's determination regarding the declaration of a mistrial absent abuse of discretion. *State v. Revelle*, 809 S.W.2d 444, 447, 448 (Mo.App.1991). Defendant initiated the incident when he continued to talk over his own attorney's objection. Even assuming the juror's conduct indicated some displeasure with defendant's actions, he suffered no prejudice as the juror was replaced with an alternate. We cannot say the trial court abused its discretion in overruling defendant's motion for a mistrial.

■ Defendant claims that when a communication takes place between a juror and a witness it is the State's burden to prove that no improper influence resulted. This principle applies where a juror may have received prejudicial information, usually outside the judicial process. *See, State v. Simms*, 810 S.W.2d 577 (Mo.App.1991); *State v. Teter*, 724 S.W.2d 538 (Mo.App. 1986). Here, the excused juror received no information from any source, outside or otherwise. Defendant's second point is denied.

Defendant's third point on appeal is that the trial court erred in overruling his motion to quash the jury panel based on a *Batson* challenge. He claims the prosecutor's reasons for peremptorily striking a black venire member were pretextual.

■ The State used five of its six peremptory strikes against blacks. The final jury panel consisted of three blacks and nine others. Our Supreme Court has recently addressed the proper procedure for a timely *Batson* motion. First, defendant must raise a specific challenge to one or more venire members and identify them as members of a cognizable racial group. Second, the State must then present reasonably clear and specific race-neutral reasons to explain the strike(s). Lastly, if the prosecutor presents such reasons the defendant must then show that the reasons are pretextual and the strikes are really

**460**

racially motivated. *State v. Parker*, 836 S.W.2d 930, 934 (Mo.banc 1992).

Defendant challenged the prosecutor's strike against Dorothy Arnold, a black female. The prosecutor stated he struck her because she rarely responded and did not expand upon her answers to his questions. He further stated that she would not look at him, appeared "mad" and looked disinterested and inattentive. Defendant stated that these reasons were pretextual and did not rise to the level of a "legitimate hunch." The court however, agreed with the prosecutor's assessment of Miss Arnold and overruled defendant's motion.

Trial judges are vested with considerable discretion in determining whether or not the defendant has established purposeful discrimination. *State v. Parker* 836 S.W.2d at 934. A reviewing court may not reverse a trial court's determination as to whether the prosecutor discriminated in exercising his peremptory strikes unless that determination is clearly erroneous. *State v. Griffin*, 756 S.W.2d 475, 482 (Mo. banc 1988). The record indicates that Miss Arnold responded briefly and only once during the entire voir dire proceeding. Defendant has failed to demonstrate that the State's explanation for peremptorily striking Miss Arnold was a pretext. We cannot say the court's ruling, that the prosecutor's reasons were race-neutral and not pretextual, was clearly erroneous. Defendant's third point is denied.

Defendant's fourth point on appeal is that the trial court erred in denying his motion to quash the indictment or to stay the proceedings. He claims substantial non-compliance with the selection of grand juries and petit juries, Sections 494.400 to 494.505 RSMo. (1986), in the City of St. Louis.

Defendant was tried on an information issued November 15, 1990. No challenge is made to this information, therefore any error in the grand jury process is moot. *State v. Landers*, 841 S.W.2d 791, 793 (Mo. App.1992).

Furthermore, *Landers* determined that no constitutional violations occurred in the selection of petit juries in the City of St. Louis. *State v. Landers*, 841 S.W.2d at 793. Defendant's fourth point is denied.

The order of the trial court is affirmed.

CRANE and CRAHAN, JJ., concur.