STATE of Missouri, Plaintiff–Respondent,

v.

Dwight HENSON, Defendant–Appellant.

No. 18756.

Missouri Court of Appeals, Southern District, Division Two.

May 16, 1994.

■■■■■■■■■■■■■■■■■■

───────

Ellen H. Flottman, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

After a jury trial, Defendant was convicted of the Class C felony of Forgery, § 570.090[1] and was sentenced as a prior and persistent offender pursuant to §§ 558.016 and 557.036.4. On this appeal, he does not challenge the sufficiency of the evidence to support the conviction. Rather, he contends the trial court erred in permitting a witness to explain a videotape and in giving a jury instruction defining "reasonable doubt." We affirm.

The facts viewed in the light most favorable to the verdict are as follows: On December 27, 1991, Defendant and two other individuals purchased beer at the Qwik Stop in Monett, Missouri. Defendant wrote a $75.00 check which he gave to the clerk, Julie Austinson, in payment for the beer and received approximately $60.00 change. The check was written on the account of Forrest Wasson, Jr., without his consent or authority.[2]

The transaction in the Qwik Stop was videotaped by an in-store camera. When the videotape was played for the jury, it would periodically be stopped during which witness Austinson identified the scene and persons shown on the tape.

■ In his first point, Defendant contends that the trial court erred in permitting the State to question Austinson about the videotape while it was being played, alleging that the tape was "the best evidence of what had occurred and allowing Austinson to explain the tape while it played was cumulative and invaded the province of the jury." The testimony about which Defendant complains was as follows:

Q. (By Prosecutor): Did you recognize that scene?

A. Yes, I did.

Q. And what is that scene? Is that the store that you were in?

A. Yes, it is.

. . . .

Q. And do you recall reviewing this video before?

A. Yes, sir.

Q. All right. And does it fairly and accurately show what you saw that evening; other than, obviously, you didn't see yourself?

A. Yes.

Q. Okay. And who is this person behind the counter?

A. That's me.

. . . .

Q. Julie, do you recognize this individual right here?

A. Yes, sir.

Q. Who is that?

A. The guy who is seated—

Q. Do you see him in the courtroom today?

A. Yes, sir.

Q. Where—

. . . .

A. He is seated to the right in the gray suit.

. . . .

Q. ... There is a man over here to the left hand of the screen. Is that still the Defendant?

A. (No audible response.)

. . . .

Q. Julie, does the tape reflect, at least visually, of what you recall that evening?

A. Considering it's been a year and a half almost, basically, yes.

Defendant did not object to this procedure or testimony at the time of trial and did not include it in his motion for new trial. He acknowledges that our review is restricted to

───────

1. All references to statutes are to RSMo 1986, V.A.M.S.

2. Mr. Wasson testified that he left his checkbook in his unlocked truck at a bar earlier that day and discovered it was missing the next morning.

one for plain error. Pursuant to Rule 30.20 of Missouri Rules of Court (1994), plain errors affecting substantial rights may be considered in the discretion of the court when it finds that manifest injustice or a miscarriage of justice has resulted therefrom.

 Defendant bears the burden of demonstrating that the error so substantially impacted upon his rights that manifest injustice or miscarriage of justice will result if it is left uncorrected. *State v. Hornbuckle*, 769 S.W.2d 89, 92–93 (Mo. banc 1989). To be entitled to relief under the plain error rule, Defendant must "go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights." *State v. Parker*, 856 S.W.2d 331, 332–33 (Mo. banc 1993).

In the instant case, Defendant fails to demonstrate how the procedure complained of was prejudicial or resulted in manifest injustice or a miscarriage of justice. Our own review of the record indicates that witness Austinson was merely identifying the contents of the videotape and in doing so demonstrated its relevance. We perceive no error or prejudice to Defendant by the evidence complained of and are unable to conclude that it resulted in manifest injustice or a miscarriage of justice. Point I is denied.

In his second point, Defendant contends that the trial court plainly erred in giving Instruction No. 4 which defined "reasonable doubt." That instruction was patterned after MAI–CR3d 302.04 which states that "[P]roof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt." Defendant asserts that this definition diminished the meaning of "reasonable doubt" and violated his right to due process because it allowed the jury to find him guilty based on a degree of proof lower than that required by due process. Our Supreme Court has consistently and repeatedly denied challenges identical to the one Defendant makes here and has held that the definition of "reasonable doubt" in MAI–CR3d 302.04 is constitutionally sound. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Ervin*, 835 S.W.2d 905, 924 (Mo. banc 1992); *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Twen-

*ter*, 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). We, therefore, deny Defendant's second point.

The judgment of the trial court is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.