STATE of Missouri, Plaintiff–Respondent,

v.

Danny LOEWE, Defendant–Appellant.

No. 19590.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 1995.

John M. Schilmoeller, Columbia, for appellant.

1. All references to statutes are to RSMo 1986, and all references to rules are to Missouri Rules

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Presiding Judge.

Defendant appeals from his convictions, by a jury, of two counts of sodomy, § 566.060,[1] for which he received two consecutive ten-year sentences, and one count of sexual abuse, § 566.100, for which he was sentenced to five years to run concurrently with the other sentences. The alleged offenses occurred between March 1985 and November 1986 and involved Defendant's stepdaughter (T.H.) who was born September 27, 1976.

On this appeal, Defendant contends that the trial court (1) committed plain error in omitting the definition of the essential element of "deviate sexual intercourse" from the verdict directing instructions on the sodomy charges; (2) erred in overruling his motion for a judgment of acquittal at the close of all the evidence; and (3) plainly erred in giving a jury instruction which improperly defined "proof beyond a reasonable doubt."

In his first point, Defendant alleges that the trial court plainly erred in giving the verdict directing instructions on the two counts of sodomy because there was no definition of "deviate sexual intercourse," required as an element of the crime by § 566.060.3. He admits, however, that he failed to preserve the issue for appellate review in that no objection was made to the instructions at trial nor was the matter raised in his motion for new trial. Consequently, it is reviewable, if at all, in the court's discretion for plain error pursuant to Rule 30.20. Under that rule, plain errors affecting substantial rights may be considered when they result in a manifest injustice or miscarriage of justice.

Section 566.060.3 provides: "A person commits the crime of sodomy if he has devi-

of Court, V.A.M.R.

ate sexual intercourse with another person to whom he is not married who is less than fourteen years old." "Deviate sexual intercourse" is defined as any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person. § 566.010.1(2).

Defendant cites this court's opinion in *State v. Harnar*, 833 S.W.2d 25, 27 (Mo.App. S.D.1992), in which we held that because "deviate sexual intercourse" is an essential element of the offense of sodomy, omission of the definition of that term from the verdict directing instruction constituted plain error requiring reversal. The instant case, however, is distinguishable.

In *Harnar*, the trial occurred on April 23, 1991. *Id.* at 26. At that time, the verdict directing instruction required to be given was MAI–CR3d 320.08.2 (1–1–89) which included a definition of "deviate sexual intercourse." The trial in the instant case, however, occurred on March 27, 1989. At that time the applicable approved instruction was MAI–CR3d 320.08.2 (1–1–87) which did not include a definition of that term.

In *State v. Keil*, 794 S.W.2d 289 (Mo.App. E.D.1990), defendant's trial on multiple counts of sodomy occurred between March 14 and March 16, 1989. At that time, as in the instant case, the approved jury instruction for sodomy did not include a required finding of "deviate sexual intercourse" and its definition. In *Keil*, the court noted that the Missouri Supreme Court had, on March 9, 1989, approved an instruction containing a definition of deviate sexual intercourse but that the order by which it was adopted provided that it "must be used and followed on and after July 1, 1989." *Id.* at 292. The court held in that case that "the prior version of MAI–CR3d 320.08.2, which did not include the definitional paragraph, was properly utilized...." *Id.*

In the instant case, in addition to requiring a finding that T.H. was a person of less than fourteen years of age to whom Defendant was not married, one instruction required a finding that "defendant touched [T.H.'s] genitals with his mouth" and the other that "defendant compelled [T.H.] to touch his genitals with her hand." Defendant concedes that he "does not argue that innocent contact with [T.H.] occurred" but rather "that no such contact occurred at all." He does not, therefore, argue that the acts submitted in the verdict directing instructions would not qualify as "deviate sexual intercourse" but only that they did not happen. Therefore, as in *Keil*, the real issue was whether the acts which were submitted in the instructions actually occurred. The jury obviously found that they did.

We are unable to find that the trial court committed plain error in submitting the two verdict directing instructions about which Defendant complains. The first point is denied.

In his second point, Defendant contends that the trial court erred in overruling his *motion for judgment of acquittal at the close of all the evidence.* In so contending, he challenges the sufficiency of the evidence supporting his convictions.

■■■ In reviewing the sufficiency of the evidence to support the convictions, we must view the evidence in the light most favorable to the state, giving the state the benefit of all reasonable inferences drawn therefrom. *State v. Grim*, 854 S.W.2d 403, 411 (Mo. banc 1993). Contrary inferences are to be disregarded unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them. *Id.* Appellate consideration is limited to whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981). In the instant case, Defendant admits that he was not married to T.H. and that she was less than fourteen years old at the times in question, but denies that he subjected her to either sexual contact required for a conviction of sexual abuse in the first degree or

deviate sexual intercourse required for a conviction of sodomy.

"Sexual contact," as an element of sexual abuse in the first degree, is defined as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." § 566.010.1(3). As indicated earlier in this opinion, "deviate sexual intercourse," as an element of sodomy, is defined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." § 566.010.1(2).

In the instant case, T.H. testified that on one occasion she walked into Defendant's bedroom to retrieve a stuffed animal; that Defendant, who was nude, instructed her to get in bed with him after telling her to remove her pajamas; that he licked her vagina and then rubbed his penis against her vagina until "something came out of his penis." She also testified that on another occasion Defendant, while in bed, asked her to bring him a cup of coffee and when she did so he told her to get in bed with him after telling her to remove her nightgown and underpants; at his instruction she put her hands around his penis while he moved his body; and that he then rubbed his penis on her vagina. Such testimony provided a sufficient evidentiary base to submit the counts to the jury.

■ Defendant argues, however, that T.H.'s testimony was contradictory and without corroboration, and as a result there was insufficient evidence to convince a rational trier of fact of guilt beyond a reasonable doubt. Specifically, he points to T.H.'s inability to recall the exact time when the alleged offenses occurred; she first said that Defendant had her rub his hands on his penis but later corrected herself by saying that he had her rub his penis; an inconsistency between her testimony and an earlier statement about which of them changed a bed sheet after one of the occurrences; and the fact that T.H. testified that she had never bathed with her mother and Defendant, while they both testified it had occurred.

Defendant cites *State v. Kuzma*, 751 S.W.2d 54 (Mo.App.W.D.1987), in support of his contention that the inconsistencies and contradictions in T.H.'s testimony creates so much doubt that, in the absence of corroboration, his convictions cannot stand. In *Kuzma* the court reversed convictions of sodomy and sexual abuse because of inconsistencies in the victim's testimony about the identity of the perpetrator. The court noted the rule that uncorroborated testimony is sufficient to support a conviction except in those cases where the prosecutrix's testimony is so contradictory or, when applied to the admitted facts of the case, is not convincing and leaves the court clouded with doubts. *Id.* at 58. It said:

> To trigger the application of the corroboration rule, the victim's testimony must be "so contradictory or in conflict with physical facts, surrounding circumstances, and common experience as to be unconvincing." [Citation omitted.] The corroboration rule does not apply, however, where the inconsistency or even contradiction bears on a proof not essential to the case.

*Id.* See also *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992); *State v. Caulfield*, 885 S.W.2d 349, 351 (Mo.App.W.D.1994); *State v. Hoban*, 738 S.W.2d 536, 543 (Mo.App.E.D. 1987); *State v. Ellis*, 710 S.W.2d 378, 380 (Mo.App.S.D. banc 1986); *State v. Salkil*, 659 S.W.2d 330, 333 (Mo.App.W.D.1983); *State v. Johnson*, 595 S.W.2d 774, 776 (Mo.App.W.D. 1980); *State v. Mazzeri*, 578 S.W.2d 355, 356 (Mo.App.W.D.1979).

In the instant case there was no inconsistency in T.H.'s testimony concerning the identity of the person who committed the offenses. Additionally, none of the alleged inconsistencies went to proof of matters essential to the case. Under such circum-

stances, "resolution of conflicts in the evidence and the determination of the credibility of the witnesses are matters for the [trier of fact] to determine." *State v. Caulfield,* 885 S.W.2d at 351.

Defendant's second point is denied.

■ In his final point, Defendant challenges the jury instruction defining "proof beyond a reasonable doubt." He acknowledges that the instruction was not objected to at the time of trial or in his motion for new trial and therefore is before us only on a plain error review.

The instruction was patterned after MAI–CR3d 302.04 and instructed the jury that "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt." Defendant contends that the instruction violated his right to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Art. 1, § 10 of the Missouri Constitution in that it lowered the standard of proof required by due process. The courts of this state have repeatedly and consistently upheld the constitutionality of MAI–CR3d 302.04 and denied challenges identical to that of Defendant's. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Ervin,* 835 S.W.2d 905, 924 (Mo. banc 1992); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Henson,* 876 S.W.2d 31, 33 (Mo.App.S.D.1994). Defendant's third point is, therefore, denied.

The judgment is affirmed.

CROW and PREWITT, JJ., concur.